Argued and submitted June 29, 1992, affirmed April 21, 1993

Jay T. CARRITHERS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Cascade Wood Products,
*Respondents.*

(91-AB-1732; CA A72679)

850 P2d 1165

Julie A. Ellickson, Eugene, argued the cause for petitioner. On the brief were Jerome F. Bischoff and Bischoff & Strooband, P.C., Eugene.

Michael D. Reynolds, Assistant Solicitor General, Salem, waived appearance by respondent Employment Division.

No appearance by respondent Cascade Wood Products.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Claimant seeks review of an order of the Employment Appeals Board determining that he was discharged for misconduct connected with work and is, therefore, ineligible for benefits. ORS 657.176(2)(a). We affirm.

Claimant has a back injury that is compensable under the workers' compensation laws. On October 1, 1990, he called in sick to work, claiming that he had re-injured his back on "September 29-27, around in there," during a weekend camping trip. While claimant was on the camping trip, a private investigator hired by employer filmed him participating in rigorous bending, lifting and motorbike riding. The video tape included footage that was shot on October 1, the day claimant reported he was unable to work because of an injury sustained several days earlier. After more than a week of absence from work, employer terminated claimant for falsely reporting his physical condition.

The Board denied claimant unemployment benefits on the ground that he was discharged for misconduct connected with his work. ORS 657.176(2) provides in part:

"(2)   An individual shall be disqualified from the receipt of benefits * * * if * * * the individual:

"(a)   Has been discharged for misconduct connected with work."

Misconduct is defined by the Employment Division as:

"[A] wilful violation of the standards of behavior which an employer has the right to expect of an employee. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct." OAR 471-30-038(3).

The Board found that claimant was discharged for falsely claiming that he was unable to work, in violation of the standard of conduct his employer had a right to expect:

"First, we are persuaded that claimant could have worked on October 1, 1990, when he reported to the employer that he could not. Further, claimant obtained additional time off work after October 1, 1990, representing that he experienced extreme pain. We are persuaded that claimant acted repeatedly and therefore, that his conduct was not isolated."

The Board found that the opinion of claimant's treating physician was persuasive and that claimant was not credible. After reviewing the video tape, the physician reported that "it is clear that the history and complaints given to me by [claimant] have been incorrect." The footage demonstrated to the physician that

"[t]here would be no reason, based upon review of the film, that claimant could not have engaged in normal work activities on October 1, 1990."

Claimant argues that he was allowed to go camping and ride a motorcycle by his doctor and that his failure to report to work following the camping trip was due to overexertion. He claims that his only mistake — overexertion — cannot be misconduct in connection with work. That is a plausible factual argument, but the Board rejected it. The Board found that, based on the physician's testimony, claimant was not prevented by injury from working on October 1, that he misrepresented his condition when he was, in fact, able to work, and that he wilfully violated the employer's right to expect him to accurately report his physical condition and to report for work unless he had a valid reason to be absent. Substantial evidence supports the Board's findings, and those findings support the conclusion that claimant was discharged for misconduct connected with work.

Affirmed.